FILED
United States Court of Appeals
Tenth Circuit

August 30, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

CURTIS CORDERY,

　　　　Defendant-Appellant.

No. 10-4068

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. NO. 2:08-CR-00467-CW-1)**

---

Benjamin McMurray, Assistant Federal Defender (Steven B. Killpack, Federal Defender, with him on the briefs), Utah Federal Defender's Office, Salt Lake City, Utah, for Appellant.

Karin Fojtik, Assistant United States Attorney (Carlie Christensen, United States Attorney, and Diana Hagen, Assistant United States Attorney, with her on the briefs), United States Attorney's Office, Salt Lake City, Utah, for Appellee.

---

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

　　Curtis Cordery appeals his sentence, arguing that it was error for the

district court to increase his term of imprisonment to enable him to qualify for a

prison drug treatment program. After oral argument, we issued an opinion in a different case concluding that a district court cannot rely on rehabilitative goals in imposing a term of incarceration. *See United States v. Story*, 635 F.3d 1241 (10th Cir. 2011). The Supreme Court reached the same conclusion recently in *Tapia v. United States*, 131 S. Ct. 2382 (2011). Based on these decisions, we find Cordery's sentence was plain error.

Having jurisdiction pursuant to 28 U.S.C. § 1291, we REMAND for resentencing.

## I. Background

Cordery pleaded guilty to one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). The United States Sentencing Guidelines recommended a sentencing range of 51-63 months' imprisonment. At sentencing, Cordery's trial counsel sought a sentence below the guidelines range based on Cordery's need for substance abuse and mental health treatment, noting "the court is specifically charged to consider the need for treatment in imposing sentencing." R., Vol. I at 35. He also stated the sentence should "provide the defendant with needed medical care or other correctional treatment in the most effective manner," *id.* at 33 (quotation and alteration omitted), and requested that the court place Cordery in the RISE Mental Health Program, an outpatient treatment program. R., Vol. II at 87.

The court asked, "Given the fact that Mr. Cordery has suffered from alcoholism . . . and has had . . . the use of drugs and cocaine and probably other drugs, what is your reaction to recommending him for the [Rehabilitative Drug Abuse Program (RDAP)]?" *Id.* at 88. Cordery's counsel stated that this recommendation would be "just fine." *Id.*

After considering arguments from both parties, the district court imposed a sentence of 56 months. The court explained this decision was based on several of the sentencing factors identified in 18 U.S.C. § 3553(a)(2), including the goal of deterrence and the serious nature of the crime. The court also commented:

> Part of my reason for imposing that sentence is that when I take into account the time that Mr. Cordery has already served, plus the amount of time that is required for him to qualify for an RDAP program, he needs a sentence of at least 56 months to be able to successfully complete that program together with mental health counseling.

R., Vol. II at 102.

In response to objections from Cordery's counsel that a lesser sentence would make Cordery eligible for RDAP, the court stated its belief that a prisoner serving a term of less than 30 months is not eligible for RDAP. The court calculated that, with time served and reductions for good behavior, a 56-month sentence was necessary to meet this minimum.

## II.  Discussion

Cordery challenges his sentence on appeal.  He argues the district court's consideration of rehabilitative goals in extending his term of imprisonment violated 18 U.S.C. § 3582(a), which instructs the court to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation."

### A.  *Standard of Review*

Cordery's counsel objected to the imposition of the 56-month sentence before the district court.  But this objection was based only on the theory that the court was mistaken as to RDAP eligibility requirements.  Because Cordery argues that his sentence was contrary to § 3582(a) for the first time on appeal, the district court did not have the opportunity to consider his objection and, if necessary, correct its ruling.  Accordingly, we review only for plain error.  *See United States v. Trujillo-Terrazas*, 405 F.3d 814, 817 (10th Cir. 2005).

To establish plain error, Cordery must demonstrate the district court (1) committed error, (2) the error was plain, and (3) the plain error affected his substantial rights.  *United States v. Cotton*, 535 U.S. 625, 631 (2002).  If these factors are met, we may exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.* at 631–32.

### B. Cordery's Sentence Was Error

The issue raised by this appeal was resolved by *United States v. Story*, 635 F.3d 1241 (10th Cir. 2011), a recent decision whose statutory analysis was affirmed by the Supreme Court in *Tapia v. United States*, 131 S. Ct. 2382 (2011). In *Story*, as here, a federal prisoner asserted the district court erred in imposing a longer term of imprisonment in order to make her eligible for RDAP.

In addressing that appeal, we considered the apparent tension between two provisions of the sentencing guidelines. Titled "Factors to be considered in imposing a term of imprisonment," § 3582(a) states:

> The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, *recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation*.

(emphasis added). However, 18 U.S.C. § 3553(a), titled "Factors to be considered in imposing a sentence," instructs the sentencing court to consider "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

Reconciliation of these two provisions had divided the circuit courts. *Compare United States v. Hawk Wing*, 433 F.3d 622, 629–30 (8th Cir. 2006), *and United States v. Duran*, 37 F.3d 557, 561 (9th Cir. 1994), *with In re Sealed Case*,

-5-

573 F.3d 844, 849–51 (D.C. Cir. 2009), *and United States v. Manzella*, 475 F.3d 152 (3d Cir. 2007).

We adopted the view that § 3553(a) authorizes consideration of rehabilitation in composing a sentence generally, but that § 3582(a) prohibits consideration of rehabilitation in setting one aspect of that sentence, the term of imprisonment. *See Story*, 635 F.3d at 1247–48. Thus, while a court can pursue the goal of rehabilitation in sentencing, for example, in setting the terms of supervised release, it cannot do so in either determining whether to impose a term of incarceration, or in determining the length of that term. *Id.* But because of the split of authority on the question at the time of appeal—including mixed signals from our court—we concluded the district court's error was not plain, and affirmed Story's sentence. *Id.* at 1248.

Shortly after we published the opinion in *Story*, the Supreme Court issued its decision in *Tapia*. That decision confirmed our reading of both statutory provisions.

We therefore conclude that, under § 3582(a), the district court's reliance on rehabilitative goals to set the length of Cordery's sentence was error.

### C. The Error Was Plain

We next consider whether the error is plain—that is, whether it is "clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993). An error is clear where "the Supreme Court or this court [] [has] addressed the issue" or

where "the district court's interpretation was clearly erroneous."  *United States v. Ruiz-Gea*, 340 F.3d 1181, 1187 (10th Cir. 2003) (quotation omitted).

The government notes the district court's error was not plain or obvious at the time of sentencing; there was no Supreme Court precedent on point, and the only relevant Tenth Circuit cases were both unpublished and potentially misleading.  *See Story*, 635 F.3d at 1248.  In addition, the question had created a circuit split.  Nonetheless, the government concedes this prong based on the recent publication of *Story* and *Tapia*, citing our en banc case addressing sentencing error in the wake of *United States v. Booker*, 543 U.S. 220 (2005), for the proposition that "an error is 'plain' if it is clear or obvious *at the time of appeal*."  Aple. Supp. Br. at 10 (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 744–45 (10th Cir. 2005) (emphasis added)).

It is true that a number of our cases have repeated this standard, although none has done so in any analytical depth.  *See, e.g.*, *United States v. Gonzales*, 558 F.3d 1193, 1200 n.7 (10th Cir. 2009) ("This court decided *Hays* after [the plaintiff's] sentencing had occurred, but while his direct appeal remained pending. Even so, an error will be plain if it is clear or obvious *at the time of the appeal*." (quotation omitted) (relying on *Gonzalez-Huerta*)); *United States v. Meacham*, 567 F.3d 1184, 1190 (10th Cir. 2009) (finding an error "plain" because the law was "clear or obvious at the time of the appeal," even though the clarifying case was published after the district court's contested decision); *United States v. Mendoza*,

543 F.3d 1186, 1192 (10th Cir. 2008) ("[The plain error] standard applies to the law in place at the time of review rather than at the time of sentencing.").

It is worth noting, however, that the question of whether an error must be plain at the time of trial or merely at the time of appeal has divided the circuits. In *Olano*, while clarifying the application of plain error review, the Supreme Court held only that "[a]t a minimum, a court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." 507 U.S. at 734. The Court chose not to address "the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified." *Id.* The Court subsequently offered a further refinement: "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal [] it is enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468 (1997). But *Johnson* brings no clarity to cases such as the one at hand, where the law at the time of the contested decision was unsettled, but clarified while the appeal was pending.

The Ninth and D.C. Circuits have concluded that *Johnson* articulates a narrow exception to an otherwise broad rule that an error is "plain" only if it was clear at the time of the district court's decision. *See United States v. Mouling*, 557 F.3d 658, 663–64 (D.C. Cir. 2009); *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997). In *Turman*, the Ninth Circuit explained "we expect district judges to be knowledgeable, not clairvoyant. When the law is such that an experienced

district judge cannot be expected to detect the error on his own, that is precisely when it is most important for the parties to object." 122 F.3d at 1170. Only in the circumstances of *Johnson*, the court asserted, where the law is well settled at the time of trial but later reversed, are objections "pointless." *Id.* In that case, "[m]easuring error at the time of trial would result in counsel's inevitably making a long and virtually useless laundry list of objections to rulings that were plainly supported by existing precedent." *Id.* (quotation omitted).

Other circuits, however, observe a blanket rule that plain error is measured at the time of appeal. *See, e.g.*, *United States v. Smith*, 402 F.3d 1303, 1315 n.7 (11th Cir. 2005) *vacated on other grounds by* 545 U.S. 1125 (2005); *United States v. Ross*, 77 F.3d 1525, 1539–40 (7th Cir. 1996). The Eleventh Circuit has explained that "this approach has the advantage of avoiding the necessity of distinguishing between cases in which 'the law at the time of trial was settled and clearly contrary to the law at the time of appeal' on the one hand and cases in which it was merely 'unsettled' on the other." *Smith*, 402 F.3d at 1315. The Seventh Circuit has also contended that this practice better comports with the purpose of plain error review, which it described as an exception to the rule of forfeiture where the error is undebatable and significant, and not merely where the district court was at fault. *Ross*, 77 F.3d at 1539–40.

It is the law of this circuit that we side with the latter view. We therefore accept the government's concession, and find the district court's error was plain.

### D.  The Error Affected Cordery's Substantial Rights

To satisfy the third prong of plain error review, the appellant must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different."  *Gonzalez-Huerta*, 403 F.3d at 733.

At sentencing, the district court named three factors supporting its decision to impose a sentence in the middle of the guidelines range:  the goal of deterrence, the serious nature of the crime, and the court's understanding that a 56-month sentence was required for Cordery to be eligible for RDAP.  There is no way for us to know exactly what sentence the court would have chosen in the absence of the third, impermissible factor.  However, both parties agree that the court's emphasis on its calculation of RDAP eligibility suggests a reasonable probability that the sentence would have been lower without this consideration.  Even if we assume that the other factors discussed by the court would have led to a guidelines sentence, this sentence could have been as low as 51 months' imprisonment.  We thus conclude there is a reasonable probability that, but for the error, the outcome of the proceeding would have been different.

### E.  The Error Seriously Affects the Fairness, Integrity, or Public Reputation of Judicial Proceedings

Finally, even where the appellant has prevailed on the first three prongs of this analysis, we will exercise our discretion to correct the error "only if it seriously affects the fairness, integrity, or public reputation of judicial

proceedings." *Gonzalez-Huerta*, 403 F.3d at 736. "[This] standard is formidable, as we will only exercise our discretion when an error is particularly egregious and the failure to remand for correction would produce a miscarriage of justice." *Trujillo-Terrazas*, 405 F.3d at 820 (quotations omitted).

Not every error resulting in an increased sentence will meet this standard. *See Gonzalez-Huerta*, 403 F.3d at 736 (refusing to collapse the third and fourth prongs for sentencing error). "[In] considering whether to correct unobjected-to sentencing errors . . . the key concern has been whether correct application of the sentencing laws would likely significantly reduce the length of the sentence." *United States v. Brown*, 316 F.3d 1151, 1161 (10th Cir. 2003) (finding this prong unsatisfied where the error resulted in the appellant receiving a *lower* sentence).

The government contends that, at most, the district court's error resulted in an additional five months' imprisonment. It argues this effect is not sufficiently significant to work a miscarriage of justice. We disagree. An additional five months' imprisonment is significant in the context of a 51-month sentence—it is nearly a ten percent increase. *See Meacham*, 567 F.3d at 1190–91 (finding a significant effect where the error resulted in a 12-month disparity between top of the guideline range, 108 months, and the actual sentence). More importantly, on this record there is every reason to believe the district court may find a sentence below 51 months is reasonable if Cordery is not eligible for the drug treatment program, making the potential gap even larger.

-11-

We therefore exercise our discretion to remand this case for resentencing, despite Cordery's failure to object to the error below.

### III. Conclusion

For the reasons set forth above, we REMAND for resentencing.