**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 21, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　　Plaintiff-Appellee,

v.

JUAN MANUEL CARDENAS-
MIRELES,

　　　　　Defendant-Appellant.

No. 11-2138
(D.C. No. 1:10-CR-02470-PJK-1)
(D. of N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

_____

Defendant-Appellant Juan Manuel Cardenas-Mireles pleaded guilty to the

offense of illegal reentry after deportation. At sentencing, Cardenas-Mireles

moved for a downward variance notwithstanding an adult criminal record

involving dozens of convictions and four deportations. The district court denied

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

the motion, instead sentencing Cardenas-Mireles at the top of the applicable guidelines range.

Cardenas-Mireles appeals his sentence on two grounds. First, he argues the district court committed procedural error by relying on an impermissible sentencing rationale to lengthen his sentence—namely, that remaining incarcerated was in Cardenas-Mireles's own best interests due to his health and mental state. Second, he contends his sentence is substantively unreasonable.

Exercising our jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we AFFIRM the decision of the district court.

## I. Background

Cardenas-Mireles is a Mexican citizen who is over 60 years old. He has lived most of his life in the United States. He holds a GED, completed three years of college, and served honorably in the United States Marine Corps. Over the last three decades, Cardenas-Mireles has accumulated 44 convictions and has been in and out of prison in several different states. He also has 72 arrests that did not result in conviction. In 1999, he was deported to Mexico after a California conviction for assault with a deadly weapon, but returned soon thereafter. He was deported three more times, in 2003, 2007, and 2009, returning each time.

In 2010, agents from U.S. Immigration and Customs Enforcement encountered Cardenas-Mireles at a state correctional facility in Albuquerque, New

Mexico. Later that year, a grand jury returned a one-count indictment charging him with illegal reentry.

Cardenas-Mireles pleaded guilty to illegal reentry without a plea agreement. At sentencing, the district court determined that the applicable sentencing range under the United States Sentencing Guidelines was 77 to 96 months imprisonment. Cardenas-Mireles moved for a downward variance based on cultural assimilation, his honorable military service, his mental and emotional condition, and the unreasonableness of the Guidelines regarding reentry offenses. The government opposed the motion, based on Cardenas-Mireles's long criminal record, instead proposing a sentence within the guidelines range.

After listening to both parties' arguments, the court announced:

> I'm troubled by this case for many of the reasons that both [defense counsel] and the U.S. Attorney have discussed. I'm also concerned that, when this [defendant] . . . was apprehended this last time, he was apparently homeless.
> . . .
> . . . [A]nd I don't know how he was living when he was in Mexico, but I wouldn't imagine it was a whole lot different than how he was found here. So it is . . . a very concerning matter. I do . . . accept the plea and I accept the calculation of the guideline sentence. The offense level is 21, and the criminal history category is VI, and the guideline imprisonment range is 77 to 96 months.
> I've thought a lot about this case, and . . . given the 44 convictions apparently, 72 other arrests, there are apparently six charges still pending in different . . . forums with warrants outstanding, but apparently, they are not executable unless he's back in the particular state. . . . I just cannot bring myself to agree that any downward departure is particularly relevant here, especially given your client's mental and physical condition. I certainly recognize that I could depart, but I don't know that that would be doing a

-3-

service to your client, and in any event, given the extreme number of convictions, I just . . . don't think any departure would be appropriate.

Given the fact that he's 62 years old, either 62 or 63, somewhere in that area, it's the Court's intent to impose a sentence of 96 months, and I think that would be to the best interests of both society as well as your client . . .

R., Vol. 3, Doc. 62 at 21–22. After allowing Cardenas-Mireles to make a statement on his own behalf, the court sentenced him to 96 months imprisonment. The court recommended that Cardenas-Mireles "be placed in a facility that is suitable for people of his age, with his medical conditions, where he can get the medication and the assistance that he needs to live a fairly decent life." *Id.* at 29.

## II. Discussion

### A. Procedural Error

Cardenas-Mireles first argues that the district court violated 18 U.S.C. § 3582(a) by basing his sentence on his need for medical care and living assistance. According to Cardenas-Mireles, the defendant's physical rehabilitation is an impermissible basis for a longer sentence.

*1. Legal Standards*

Because Cardenas-Mireles did not raise this argument below, we review the district court's decision for plain error. *United States v. Cordery*, 656 F.3d 1103, 1105 (10th Cir. 2011).[1] To demonstrate plain error, Cardenas-Mireles must

---

[1] Cardenas-Mireles argues that we should apply the less-deferential abuse-of-discretion standard because the district court's consideration of his health and
(continued...)

-4-

show "the district court (1) committed error, (2) the error was plain, and (3) the

plain error affected his substantial rights." *Id.* We may then exercise our

discretion to correct the error if Cardenas-Mireles shows that the error "seriously

affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Section 3582(a) specifies the factors that a court must consider in

formulating a sentence. It states:

> (a) Factors To Be Considered in Imposing a Term of
> Imprisonment.— The court, in determining whether to impose a term
> of imprisonment, and, if a term of imprisonment is to be imposed, in
> determining the length of the term, shall consider the factors set forth
> in section 3553(a) to the extent that they are applicable, recognizing
> that *imprisonment is not an appropriate means of promoting
> correction and rehabilitation*. In determining whether to make a
> recommendation concerning the type of prison facility appropriate
> for the defendant, the court shall consider any pertinent policy
> statements issued by the Sentencing Commission pursuant to 28
> U.S.C. 994(a)(2).

18 U.S.C. § 3582(a) (emphasis added). Section 3553(a), in turn, lays out the

factors to be considered in imposing a sentence more broadly (as opposed to a

term of imprisonment). One of its many factors is "the need for the sentence

imposed . . . to provide the defendant with needed educational or vocational

---

[1](...continued)
welfare in formulating his sentence was unexpected. To do so, however, would
open the door for us to apply the abuse-of-discretion standard whenever a district
court relies on a sentencing rationale that arguably is not permitted by § 3553 and
§ 3582. We are clearly precluded from taking that approach. *See, e.g.*, *Cordery*,
656 F.3d at 1105 (applying the plain-error standard where the defendant failed to
object to a within-guidelines sentence based on the defendant's need for drug
treatment).

training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Thus, there is a tension between § 3582(a) and § 3553(a); the latter calls for sentencing to take rehabilitative measures, such as training and medical care, into account, but the former specifies "that imprisonment is not an appropriate means of promoting correction and rehabilitation."

The Supreme Court resolved the tension between § 3582(a) and § 3553(a) in *Tapia v. United States*, 131 S. Ct. 2382 (2011), in which the sentencing court had lengthened the defendant's sentence in order to make her eligible for a drug treatment program. *Id.* at 2385. The Supreme Court, noting the textual distinction between sentencing generally and imprisonment specifically, determined that § 3582(a) controlled § 3553(a); thus, "3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Id.* at 2391.

We recently applied *Tapia* in *United States v. Cordery*, 656 F.3d 1103 (10th Cir. 2011), in which the sentencing court similarly extended the defendant's term of imprisonment to make him eligible for a drug treatment program. *Id.* at 1105. Since the defendant did not object at sentencing, we applied the highly-deferential plain-error standard of review. *Id.* We nonetheless vacated the sentence, finding that *Tapia* rendered the error obvious at the time of appeal, *id.* at 1107, and that the error seriously affected the fairness of the proceedings because the court's

-6-

remarks at sentencing strongly indicated the defendant would have received a shorter sentence but for the error, *id.* at 1108.

2. *Analysis*

Cardenas-Mireles argues the district court based its decision on his need for medical care, in violation of § 3582(a), as explained in *Tapia* and *Cordery*. We accept for the sake of argument the proposition that it is impermissible for a district court to lengthen a sentence to provide better health care for a defendant.

Here, however, the district court did not base its sentence solely or even primarily on Cardenas-Mireles's medical needs. Rather, the district court based the sentence on Cardenas-Mireles's "extreme number of convictions." R., Vol. 3, Doc. 62 at 22. Thus, the question is not merely whether the district court had Cardenas-Mireles's medical needs on its mind when it issued his sentence, but whether the court's assessment of his medical needs actually changed the sentence the court would otherwise have imposed.

Based on the record, we cannot say the court's consideration of Cardenas-Mireles's health actually altered his sentence. The district court indicated Cardenas-Mireles's extensive criminal record justified a 96-month sentence, *independent* of the court's concerns regarding his health. The district court said, "given the 44 convictions . . . [and] 72 other arrests . . . I just cannot bring myself to agree that any downward departure is particularly relevant here, especially given your client's mental and physical condition." *Id.* The use of the word

"especially" suggests Cardenas-Mireles's health was, at best, an *additional* justification, but not a *necessary* justification, for the 96-month sentence. The court continued: "I certainly recognize that I could depart, but I don't know that that would be doing a service to your client, and in any event, given the extreme number of convictions, . . . I just don't think any departure would be appropriate." *Id.* The words "in any event" show that the court did not "think any departure would be appropriate," regardless of whether a downward departure would do a "service" to Cardenas-Mireles. Finally, the court found a 96-month sentence "would be to the best interests of both society as well as your client." *Id.* This statement shows only that the court believed a 96-month sentence was consistent with Cardenas-Mireles's best interests, not that the court based the sentence on his best interests.

In determining whether the district court's decision undermined the integrity, fairness, or public reputation of the judicial proceedings, "the key concern [is] whether correct application of the sentencing laws would likely significantly reduce the length of the sentence." *United States v. Brown*, 316 F.3d 1151, 1161 (10th Cir. 2003). Because the district court's explanation for the 96-month sentence indicates the district court would have imposed the same sentence regardless of Cardenas-Mireles' health concerns, Cardenas-Mireles cannot show that the district court's decision undermined the integrity, fairness, or public

reputation of the proceedings. Thus, his claim of procedural unreasonableness

fails.[2]

### B. Substantive Unreasonableness

Cardenas-Mireles next argues his sentence was substantively unreasonable,

because the district court did not correctly weigh the sentencing factors listed in §

3553(a).

We review a claim of substantive unreasonableness for abuse of discretion.

*United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010), *cert. denied*, 130 S.

Ct. 3441 (2010). A district court has a "wide range of discretion in striking a

balance among the 18 U.S.C. § 3553(a) factors." *United States v. Gambino-*

*Zavala*, 539 F.3d 1221, 1232 (10th Cir. 2008). A court "abuses its discretion

when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly

unreasonable." *Lewis*, 594 F.3d at 1277 (internal quotation marks omitted). A

sentence "within the properly calculated guidelines range . . . is presumed

reasonable."[3] *Id.* "The defendant may rebut the presumption, however, by

---

[2] Cardenas-Mireles tacks a constitutional argument to the end of his procedural error claim, arguing that the district court violated his due process rights by increasing his term of incarceration based on his poverty. Although the record shows the court was "concerned" about Cardenas-Mireles's homelessness, there is no indication in the record that the court used the fact of Cardenas-Mireles's poverty as a basis for increasing his sentence. Thus, this argument fails.

[3] To preserve the issue for potential en banc review, Cardenas-Mireles objects to our application of the presumption of reasonableness, while

(continued...)

-9-

demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.* (internal quotation marks omitted).

Cardenas-Mireles argues his sentence is unreasonable under § 3553(a) because the district court failed to give enough weight to his cultural assimilation, his military service, his alcoholism and mental health problems, and the lack of empirical support for the sentencing guidelines for reentry offenses. He also suggests the court gave too much weight to his criminal history, which is "the product of his chronic alcoholism and psychological deficiencies . . . and his ceaselessly dire financial straits," indicating reduced culpability. Aplt. Br. at 36. Cardenas-Mireles does not allege the court failed to consider the proper factors, only that it weighted them poorly.

The district court considered Cardenas-Mireles' arguments at sentencing, but found Cardenas-Mireles's "extreme number of convictions" outweighed any mitigating factors. R., Vol. 3, Doc. 62 at 22. The court was not required to discuss the § 3553(a) factors at greater length than it did. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007) ("[A] specific discussion of Section 3553(a) factors is not required for sentences falling within the ranges suggested by the Guidelines . . . ."). We cannot disagree with the district court's characterization of Cardenas-Mireles's 44 prior convictions as "extreme." The

---

[3](...continued)
acknowledging that we do not have the authority as a three-judge panel to disregard this presumption. *See* Aplt. Br. at 42.

-10-

court could reasonably conclude from Cardenas-Mireles's extreme history that a sentence at the high end of the guidelines range was appropriate and "would be to the best interests of . . . society." R., Vol. 3, Doc. 62 at 22.

Thus, the district court did not abuse its discretion in sentencing Cardenas-Mireles to a within-guidelines sentence of 96 months' imprisonment.

### III. Conclusion

For the reasons stated above, we AFFIRM the judgment of the district court.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge