FILED
United States Court of Appeals
Tenth Circuit

November 9, 2016

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ASHLEY LARAE TIDZUMP,

     Defendant - Appellant.

No. 16-8021

---

**Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 2:15-CR-00176-SWS-1)**

---

Submitted on the briefs.[*]

Josh Lee, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Timothy W. Gist, Assistant United States Attorney (Christopher A. Crofts, United States Attorney, with him on the brief), District of Wyoming, Lander, Wyoming, for Plaintiff-Appellee.

---

Before **LUCERO, McKAY**, and **BACHARACH**, Circuit Judges.

---

[*]    Oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

**BACHARACH**, Circuit Judge.

This appeal grows out of *Tapia v. United States*, 564 U.S. 319 (2011). There, the U.S. Supreme Court held that a federal district court cannot impose or lengthen a prison term to promote rehabilitation. 564 U.S. at 332.

*Tapia* was implicated when Ms. Ashley Tidzump was convicted of assault and requested an 18-month prison term, admitting an addiction to opiates and a need for treatment. But Ms. Tidzump would ordinarily qualify for the prison's drug treatment program only if she were to begin treatment with at least two years remaining on her sentence. *See* BOP Program Statement No. P5330.11 § 2.5.1(b)(d) (Mar. 16, 2009) (stating that admission into the residential drug-abuse treatment program (RDAP) ordinarily requires an inmate to have at least 24 months remaining on the sentence).[1] So, the district court imposed a prison sentence of 31 months. Though the sentence dipped below the guideline range, the sentence was

---

[1]  We may take judicial notice of the BOP's program statement. *See Davila v. Gladden*, 777 F.3d 1198, 1207 n.3 (11th Cir. 2015) (taking judicial notice of a BOP program statement); *United States v. Thornton*, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (same).

long enough to allow Ms. Tidzump to become eligible for the prison's drug treatment program.

Ms. Tidzump appeals the sentence, calling on us to decide whether the district court's explanation for the sentence was permissible under *Tapia*. We conclude that the sentence was impermissible because the district court expressly lengthened the sentence for the purpose of promoting rehabilitation. We reverse.

## I.  Standard of Review

Ms. Tidzump did not object to the sentence in district court. As a result, we engage in limited review, deciding only whether the sentence constitutes plain error. *United States v. Mendiola*, 696 F.3d 1033, 1036 (10th Cir. 2012). In reviewing for plain error, we will reverse only if the district court erred in a way that is plain or obvious, prejudicing Ms. Tidzump's substantial rights and seriously affecting the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

## II.  The district court erred in a way that is plain or obvious.

In our view, the district court erred in a plain or obvious manner. In reaching this conclusion, we recognize that the district court decided the sentence with a laudable purpose (facilitating rehabilitation) and proceeded without the benefit of adversarial argument. Nonetheless, the *Tapia* Court clearly and unequivocally prohibited district courts from

3

imposing or lengthening a sentence for the purpose of promoting rehabilitation. *Tapia v. United States*, 564 U.S. 319, 332 (2011); *see United States v. Mendiola*, 696 F.3d 1033, 1036 n.2 (10th Cir. 2012) ("*Tapia*'s holding was clear and unequivocal.").

The government argues that until now, there has been no precedent on whether *Tapia* prevents "a discretionary downward variance to account for treatment." Appellee's Resp. Br. at 20. This argument would not support affirmance here. The issue does not involve prevention of a downward variance, for the district court *did* vary downward by selecting a 31-month sentence. Though a downward variance was permissible, the district court could not reduce the downward variance for the purpose of promoting rehabilitation.

The court did precisely that. Though Ms. Tidzump requested an 18-month sentence, the district court stated that it preferred not to require any prison time. R., vol. 3 at 56. Ultimately, however, the court varied downward to 31 months, declining to go down any further for the stated purpose of allowing Ms. Tidzump to qualify for treatment in the RDAP. The district court expressed its thinking in two statements:

1. "I'm not sending her 18 months to warehouse her, because she won't get into the program."

2. "I [will] go down to 31 months. I think that's the—probably the bottom number I can get to and get her into the RDAP program."

*Id.* at 57.

The government interprets these comments differently, noting that the court expressed uncertainty over whether the 31-month sentence would be the shortest prison term to qualify Ms. Tidzump for the RDAP:

> In looking at all the facts and circumstances in this case, a sentence of 33 months, what is sufficient but not greater than necessary considering the objectives? *I go down to 31 months. I think that's the – probably the bottom number I can get to and get her into the RDAP program. Maybe not.*

*Id.* (emphasis added). Seizing on the comment at the end, "Maybe not," the government argues that (1) a 31-month term would have been too short to allow entry into the RDAP and (2) surely the district court knew that:

> [T]he Defendant had served almost 4 months (119 days) in custody as of the date of sentencing, and thus a 31 month sentence was in effect a 27 month sentence. If the court was truly fashioning a sentence to ensure the Defendant would be eligible for RDAP . . . it would have imposed a longer sentence – and not varied downward from the advisory guideline – so as to offset this time already spent in custody. The court would also have known it would take upward of several months for the Defendant to be designated and transported to her eventual BOP placement, shaving even more time from her sentence.

Appellee's Resp. Br. at 19 (citation omitted).

The government's argument does little to create uncertainty over the district court's intent. Indeed, the argument serves only to confirm

5

that a 31-month sentence would probably constitute the shortest prison term that would allow entry into the RDAP.

What did the court mean when it added "Maybe not"? Presumably, the court meant that no one could know for sure what would be the shortest prison sentence to qualify Ms. Tidzump for the RDAP.

As indicated above, the BOP ordinarily allows entry into the RDAP only if at least 24 months remain on a sentence. *See* p. 2, above. As the government implies, Ms. Tidzump would get credit for the period of roughly four months in pretrial detention. 18 U.S.C. § 3585(b)(1) (2012); *see* Appellee's Resp. Br. at 19 (stating that "a 31 month sentence was in effect a 27 month sentence" because of the period of almost four months in pretrial detention). Thus, Ms. Tidzump's four months in pretrial detention would not count toward her eligibility for the RDAP.

The same is true of the time that Ms. Tidzump spent awaiting a BOP placement. Appellee's Resp. Br. at 19. The government states that this period could take "upward of several months." *Id.*

According to the government's math, Ms. Tidzump could not enter the RDAP until she had already served almost four months in pretrial detention and "upward of several months" waiting for her "eventual BOP placement." *Id.* By then, roughly 24 months would have remained on her

6

sentence, precisely the minimum ordinarily allowed under the BOP guidelines.

But the court could not know for sure

- how long it would take for Ms. Tidzump to be placed at a BOP facility or

- how quickly she could get into an RDAP.

Thus, the district court acknowledged some uncertainty, stating "Maybe not," when remarking that 31 months was "probably" the shortest prison sentence to allow Ms. Tidzump to "get . . . into the RDAP." R., vol. 3 at 57.

The court expressly acknowledged that it sentenced Ms. Tidzump to 31 months because that was likely the minimum to allow entry into the RDAP. We do not know with certainty how the court arrived at 31 months. But the government's argument reflects a reasonable explanation: Ms. Tidzump could not enter the program until spending roughly 4 months in pretrial detention and upward of 3 months in awaiting a BOP placement. At that point, Ms. Tidzump would have roughly 24 months remaining on her sentence, precisely the minimum for entry into the RDAP. Coincidence? We think not.

* * *

In sentencing Ms. Tidzump, the court expressly relied on Ms. Tidzump's need for drug treatment. This approach, however, is clearly

7

and unequivocally foreclosed by *Tapia*. As a result, we conclude that the district court erred in a way that was plain or obvious.

### III.   The error affected Ms. Tidzump's substantial rights.

An obvious error, however, is not enough to require reversal. In addition, Ms. Tidzump must show an effect on her substantial rights. *See* Section I, above. This burden is met if compliance with *Tapia* would likely have led to a shorter sentence. *United States v. Cordery*, 656 F.3d 1103, 1108 (10th Cir. 2011).

Ms. Tidzump has made the required showing: the district court stated that it preferred not to give any prison time and decided against an 18-month sentence because it would have prevented residential drug treatment. In these circumstances, "it is reasonable to assume that, had the district court 'not focused on a particular drug treatment program within a federal institution,' it likely would have imposed a lesser sentence." *United States v. Mendiola*, 696 F.3d 1033, 1042 (10th Cir. 2012) (citation omitted). Thus, we conclude that the error affected Ms. Tidzump's substantial rights. *Id.*; *see also United States v. Cordery*, 656 F.3d 1103, 1108 (10th Cir. 2011) (holding that a *Tapia* error affected the defendant's substantial rights because the district court's emphasis on "RDAP eligibility suggests a reasonable probability that the sentence would have been lower without this consideration").

8

**IV. The error seriously affected the fairness, integrity, and public reputation of the judicial proceedings.**

Finally, Ms. Tidzump must show that the error seriously affected the fairness, integrity, and public reputation of the judicial proceedings. *See* Section I, above. We conclude that Ms. Tidzump satisfied this burden.

On this element, we consider whether compliance with *Tapia* would likely have led to a significantly shorter sentence. *United States v. Cordery*, 656 F.3d 1103, 1108 (10th Cir. 2011). That likelihood exists here. Defense counsel asked for an 18-month sentence, and the district court stated that it preferred not to require any prison time. Instead, the court imposed a prison term of 31 months. That prison term exceeded Ms. Tidzump's request by over 40%, which was significant. As a result, we conclude that the *Tapia* error seriously affected the fairness, integrity, and public reputation of the judicial proceedings. *See id.* at 1105, 1108 (holding that a *Tapia* error seriously affected the fairness, integrity, and reputation of the judicial proceedings when the sentence exceeded the bottom of the guidelines by five months).

**V.      Disposition**

We reverse and remand for resentencing in a manner consistent with *Tapia*.