FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYTHELL ANTWON KELLEY,

    Defendant - Appellant.

No. 18-6056
(D.C. No. 5:17-CR-00170-C-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Defendant Raythell Antwon Kelley appeals the district court's decision to run his 63-month federal sentence consecutively to sentences in state prison for unrelated offenses. He argues that the district court committed plain error because its decision to impose a consecutive sentence was based in part on its desire to promote his rehabilitation, and hence was contrary to the Supreme Court's holding that 18 U.S.C. § 3582(a) of the Sentencing Reform Act "precludes sentencing courts from imposing or

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, 564 U.S. 319, 332 (2011).  We review for plain error because Defendant did not raise this issue in district court.  *See United States v. Thornton*, 846 F.3d 1110, 1114 (10th Cir. 2017).  Exercising jurisdiction under 28 U.S.C. § 1291, we hold that Defendant is not entitled to relief, because even if the district court's reference to rehabilitation was error, he has not shown a reasonable probability that his sentence was thereby increased.

## I.      BACKGROUND

Defendant pleaded guilty in the United States District Court for the Western District of Oklahoma to possession of a firearm by a convicted felon.  *See* 18 U.S.C. § 922(g)(1).  He had been found with the firearm during a traffic stop.  Six months earlier, Defendant, who was 26 at the time, had been released from prison after serving five years of a 20-year sentencing arising from his participation in a gang-related drive-by shooting.  (The rest of the sentence was suspended.)  The probation office's presentence report (PSR) computed his offense level under the Sentencing Guidelines as 19, after a three-level reduction for acceptance of responsibility.  It also noted juvenile offenses beginning when Defendant was 13, and computed his criminal-history category as VI based on multiple adult offenses, including drug offenses and the gang shooting.  The advisory guidelines sentencing range was 63 to 78 months.  The PSR reported that the State had revoked Defendant's suspended sentence for the gang-shooting incident after his arrest on the gun charge and that he had been resentenced to an additional 10 years' imprisonment.

2

Defendant's sentencing memorandum did not challenge the PSR's factual recitation or recommendation and requested a sentence of 63 months. It noted that he "wants to use this opportunity while incarcerated to treat his mental illness and his marijuana use and dependency," "to learn how to read," and "to learn a trade such as woodworking or drafting." R., Vol. II at 31. It requested that Defendant be recommended for the RDAP (Residential Drug Abuse Program), which provides residential drug treatment of at least six months for federal inmates in a specialized unit set apart from the general prison population. *See* 28 C.F.R. § 550.53(a). At the sentencing hearing, defense counsel again requested a 63-month sentence, and again stated Defendant's desire to "through incarceration . . . pursue his GED" and "learn a trade," and noted his "severe mental issues." R., Vol. III at 9-10. But Defendant asked that his 63-month sentence run concurrently with the recently imposed 10-year state sentence. He also requested a three-year term of supervised release to help him with rehabilitation. (Counsel noted that Defendant had been charged in state court with a gun charge arising out of the same incident as the federal charge but that he anticipated termination of the state charge in light of the federal prosecution.)

The government responded that the guidelines said that Defendant's sentence should be consecutive to his state sentences, not concurrent with them, and that a consecutive sentence "would be just in this case." R., Vol. III at 15.

The district court imposed a 63-month sentence and agreed with the government that the sentence should be consecutive to Defendant's state sentences. The court first established that if Defendant's sentence ran concurrently with his state sentences, it was

likely that the federal sentence would expire by the time he was released from state custody. The court explained the sentence as follows:

> I don't believe anybody in this courtroom feels more strongly about the circumstances from which you come that I do. Clearly, you have not had much of a start in life or a middle. We're not to the end yet, but you have not had a lot of luck in your circumstances or a lot of supervision or guidance or parental control. I applaud your sister for taking on the responsibility for you and your younger sister and making things as good as she was able to do. And I know—I've sentenced a lot of people sitting up here—that that tends to make you go to the gangs, to the street, where you have some acceptance and some sense of family.
>
> Unfortunately, that also means that you spend just about the rest of your life in prison for one thing or another, which you've got a good start on. On the other side of that, you're now 27 years old. You claim to have left the gang life. The statistics show that you eventually age out of commiting crimes, and so you need to get started on that. I believe Mr. Phillips when he says that you are quiet and friendly and pleasant. That's my impression of you from here at the podium. You can be a success, but you need a lot of help.
>
> If I were to run this sentence concurrent with the sentences you're serving, first of all, I don't think that would be right because it is not any punishment at all for the new criminal conduct. It should be run concurrent to any sentence imposed in the pending charge in state court that is for this same conduct. That I agree with, but not concurrent to the other sentences that were imposed long ago and you're simply serving revocation terms on.
>
> First, because I don't think it's appropriate given the circumstances, but, secondly, because you need that 63 months in federal custody. You need the programs that the Federal Bureau of Prisons can offer you. You need residential drug abuse treatment. You need to get your GED. You need to learn a trade. I believe it would be punishing you more to sentence you concurrently to those state sentences because you wouldn't get that opportunity.
>
> It is for these reasons that I sentence you to the custody of the Bureau of Prisons for a term of 63 months. This will be served concurrently to any imprisonment imposed in the pending case in Oklahoma County District Court . . . . It is to be served consecutively to other state sentences.

R., Vol. III at 16-18.

## II.    DISCUSSION

Defendant acknowledges that our review is for plain error because he did not object in the district court to a consecutive sentence on the ground that it violated *Tapia*. We can therefore grant relief only if Defendant shows that "(1) the district court erred, (2) the error was plain, (3) the error prejudiced his substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Thornton*, 846 F.3d at 1114.

We deny relief because Defendant has not satisfied his burden on the third prong: prejudice. *See United States v. Algarate-Valencia*, 550 F.3d 1238, 1243 n.3 (10th Cir. 2008) ("We need not address this first prong of the plain error test . . . because the plain error issue is settled by application of the third prong."). To determine whether an error affected a defendant's substantial rights, "we ask . . . whether there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Hasan*, 526 F.3d 653, 665 (10th Cir. 2008) (internal quotation marks omitted). "This burden is met if compliance with *Tapia* would likely have led to a shorter sentence." *United States v. Tidzump*, 841 F.3d 844, 847 (10th Cir. 2016).

Our review of this issue must begin with the context in which the issue was presented to the court. All agreed that the federal sentence should be 63 months. And the court stated that Defendant's federal offense required a consecutive sentence, because a concurrent sentence "is not any punishment at all for the new criminal conduct." R.,

Vol. III at 17. As the government has stated, this choice conformed to the guidelines, which call for a consecutive sentence in this circumstance:

> [I]n cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked, . . . the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

USSG § 5G1.3 app. note 4(C).

The district court also noted that a consecutive sentence would be in Defendant's interest because of the rehabilitative programs that would be available in federal prison, which Defendant himself had requested. But we see no reasonable probability that this rehabilitative potential led the district court to impose a longer sentence than it otherwise would have. This case is distinguishable from cases where we have held that the sentencing court's rehabilitative concerns had an effect on a defendant's substantial rights, because in those cases, unlike this case, the court had indicated that it was tailoring the sentence to make the defendant eligible for rehabilitative services. For example, in *Tidzump*, 841 F.3d at 847, the defendant requested a sentence of 18 months, and the district court "stated that it preferred not to give any prison time" but nonetheless sentenced the defendant to 31 months because it wanted to ensure that she would qualify for RDAP. *See id.* at 845*; see also United States v. Mendiola*, 696 F.3d 1033, 1042 (10th Cir. 2012) (substantial rights affected when district court sentenced defendant to "double the length of the upper limit of the recommended guideline range, for the express purpose of giving [him] enough time to participate in a 500-hour prison drug and alcohol rehabilitation program" (brackets and internal quotation marks omitted)). And in *United*

6

*States v. Cordery*, 656 F.3d 1103, 1105, 1108 (10th Cir. 2011), the district court calculated that the minimum sentence that would qualify the defendant for RDAP was 56 months and stated that it was imposing that sentence to faciliate the defendant's rehabilitation.

In contrast, in this case the court sentenced Defendant to the shortest term recommended by the guidelines and followed the guidelines recommendation that the sentence be consecutive to his state sentences. The court clearly thought that the appropriate punishment was 63 months' incarceration and that giving a concurrent sentence would undercut that punishment. We therefore conclude that Defendant has not met his burden of showing that there is a reasonable probability that a *Tapia* error led to a longer sentence. *See, e.g.*, *United States v. Moore*, 514 F. App'x 764, 765-66 (10th Cir. 2013) (unpublished) (defendant failed to show effect on substantial rights when district court stated that "if I were to give you less than the maximum sentence, what would happen to you, other than being turned out on the streets at age 85 or 90, with no place to go," because court independently justified the sentence as necessary to make a public statement about respect for the rule of law); *United States v. Collins*, 461 F. App'x 807, 809-10 (10th Cir. 2012) (Gorsuch, J.) (unpublished) (defendant failed to show effect on substantial rights when district court stated that "a new prison term would allow him the chance to benefit from resident prison sex offender treatment programs" because length of prison term was the statutory maximum and was not tied to eligibility for any particular treatment program); *United States v. Cardenas-Mireles*, 446 F. App'x 991, 993-95 (10th Cir. 2011) (unpublished) (defendant failed to show effect on substantial

7

rights when district court stated a downward departure was not appropriate "especially given [defendant's] mental and physical condition" and recommended he be placed in a facility "where he can get the medication and the assistance that he needs to live a fairly decent life," because defendant's health was "an *additional* justification, but not a *necessary* justification" for the sentence); *cf. United States v. Naramor*, 726 F.3d 1160, 1168–71 (10th Cir. 2013) (no *Tapia* error despite court's reference to rehabilitation).

We **AFFIRM** Defendant's sentence.

Entered for the Court


Harris L Hartz
Circuit Judge