**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 21-4344**

─────────

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

ANDREW LEE GRANT,

       Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:15-cr-00071-MHL-RCY-1)

─────────

Submitted: November 9, 2021           Decided: November 19, 2021

─────────

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Geremy C. Kamens, Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Olivia L. Norman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Lee Grant appeals the nine-month sentence imposed following the revocation of his supervised release. On appeal, Grant argues that the district court imposed a plainly unreasonable sentence by improperly considering two impermissible factors—his rehabilitative needs and the need to provide just punishment—when fashioning Grant's sentence. Finding no reversible error, we affirm.

## I.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). To determine whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing sentencing factors

2

applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *United States v. Webb*, 738 F.3d 638, 641 (4th Cir. 2013) (internal quotation marks omitted). A district court may impose an unreasonable sentence by relying on an improper factor when selecting a defendant's sentence. *See United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020).

## II.

Grant first asserts that the court impermissibly based his term of imprisonment on his need for drug treatment. Because Grant did not object in the district court to the court's consideration of his rehabilitative needs in determining the length of his prison term, our review of this issue is for plain error.[1] *See United States v. Lemon*, 777 F.3d 170, 172 (4th Cir. 2015) (reviewing unpreserved *Tapia* challenge to revocation sentence for plain error because "the issue was not raised at the revocation hearing"); *see also Fowler*, 948 F.3d at

---

[1] Relying on *United States v. Lynn*, 592 F.3d 572, 577-79 (4th Cir. 2010), Grant contends that he adequately preserved this challenge by urging the district court to treat his sentence as rehabilitative and requesting only a noncarceral sanction. He argues that the Court's later opinion in *United States v. Hargrove*, 625 F.3d 170, 183-84 (4th Cir. 2010), is not controlling, as it directly conflicts with *Lynn*. To the contrary, we conclude that *Lynn* and *Hargrove* are easily reconcilable and, thus, that *Lynn* is not controlling here. *See McMellon v. United States*, 387 F.3d 329, 333 (4th Cir. 2004) (en banc) (discussing "earliest-case-governs rule").

669 ("When a defendant argues for the first time on appeal that a district judge erred by considering an 'improper factor' during sentencing, we review for plain error." (citing *Hargrove*)). To demonstrate plain error, a defendant must show "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012) (alterations and internal quotation marks omitted). Even where a defendant satisfies these requirements, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted).

When formulating a sentence, 18 U.S.C. § 3582(a) "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, 564 U.S. 319, 332 (2011); *see Bennett*, 698 F.3d at 198-99 (holding that *Tapia* applies to sentencing upon revocation of supervised release). However, a district court is not prohibited from considering a defendant's rehabilitative needs or making treatment recommendations during sentencing, so long as those needs do not influence the fact or extend the length of the term of imprisonment. *See Tapia*, 564 U.S. at 334; *United States v. Alston*, 722 F.3d 603, 608-09 (4th Cir. 2013); *Bennett*, 698 F.3d at 198-99. For a *Tapia* claim to succeed, the sentencing court's reference to the defendant's rehabilitative needs must be "causally related" to the court's sentencing determination. *See Lemon*, 777 F.3d at 174 (emphasis omitted); *see also id.* (observing that it is "unlikely that a court has

4

committed *Tapia* error unless it has considered rehabilitation for the specific purpose of imposing or lengthening a prison sentence").

We conclude that Grant falls short, on multiple grounds, of establishing plain error under *Tapia*. At bottom, "*Tapia* stands for the proposition that a court cannot *impose* or *lengthen* a sentence to ensure that a defendant can complete a training or rehabilitation program." *Alston*, 722 F.3d at 609. Here, the district court explicitly based its decision to impose a prison term not on rehabilitative considerations, but on the fact that Grant used marijuana in prison shortly before his release. This conduct, the court explained, damaged the court's trust in Grant and significantly implicated the need to deter him from future drug use. Grant asserts that the court undermined any deterrent rationale by explicitly acknowledging the presence of marijuana in prison. However, the court plainly contemplated that the temptation to use drugs would be far greater upon Grant's release from prison.

Nor does the record support the conclusion that the court lengthened Grant's prison term based on rehabilitative goals. The court did not tie the prison term to any particular treatment program or indicate an expectation that Grant would complete a treatment program during his incarceration. It imposed a term of imprisonment significantly shorter than that needed to qualify Grant for halfway house placement. It also declined to impose the statutory maximum prison term to enable Grant to complete a specific treatment program as a special condition of supervised release. *See* 18 U.S.C. § 3583(h). In any event, even assuming, without deciding, that the court's challenged statements could be construed as ambiguous in this regard, we conclude that they do not "plainly" violate

5

*Tapia*. *See Lemon*, 777 F.3d at 175 (finding no plain error under *Tapia* when court's explanation was, at worst, ambiguous as to whether rehabilitation affected length of sentence); *see also United States v. Lester*, 985 F.3d 377, 387 (4th Cir. 2021) (explaining that error is "plain" if "clear or obvious, rather than subject to reasonable dispute" (internal quotation marks omitted)).

Finally, Grant has not established that any conceivable *Tapia* error affected his substantial rights. "In the sentencing context, the third prong of the plain-error standard is satisfied if there is a non-speculative basis in the record to conclude that the district court would have imposed a lower sentence upon the defendant but for the error." *United States v. McLaurin*, 764 F.3d 372, 388 (4th Cir. 2014) (internal quotation marks omitted); *see United Sates v. Tidzump*, 841 F.3d 844, 847 (10th Cir. 2016) (finding *Tapia* error affected substantial rights because "compliance with *Tapia* would likely have led to a shorter sentence"). Here, the court's statements indicate that any consideration of his rehabilitative needs had the effect of reducing Grant's term of imprisonment. We therefore find no reversible error under *Tapia*.

## III.

When imposing a revocation sentence, a district court must consider the statutory factors under 18 U.S.C. § 3553(a) applicable to revocation sentences through 18 U.S.C. § 3583(e). *Webb*, 738 F.3d at 641. Absent from the statutory factors enumerated in § 3583(e) is § 3553(a)(2)(A), which requires the court to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(e); *Webb*, 738 F.3d at 641.

We previously have recognized that, "although § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." *Webb*, 738 F.3d at 641.[2] Furthermore, "the factors listed in § 3553(a)(2)(A) are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Id.* Thus, so long as the district court does not base a revocation sentence predominantly on the § 3582(c)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

Applying *Webb*, we discern no error in the district court's explanation. Although the court referenced just punishment in describing the applicable statutory sentencing factors, the remainder of its explanation reveals that just punishment was not a dominant basis for its sentencing decision. The district court's challenged statements did not express a principally retributive aim. Instead, they merely emphasized the extent of Grant's

---

[2] Echoing his arguments regarding the standard of review applicable to his *Tapia* claim, Grant argues that *Webb* is not binding authority because it conflicts with prior precedent in *Tapia* and *United States v. Crudup*, 461 F.3d 433 (4th Cir. 2006). We readily conclude that *Webb* is good law and controlling in this case. *See Payne v. Taslimi*, 998 F.3d 648, 654-55 (4th Cir. 2021) (discussing nonbinding effect of dictum), *petition for cert. docketed*, No. 21-617 (U.S. Oct. 27, 2021); *McMellon*, 387 F.3d at 333. And, insofar as Grant relies on out-of-circuit authority to argue in favor of a different rule, "one panel cannot overrule a decision issued by another panel." *United States v. Simmons*, 11 F.4th 239, 262 n.12 (4th Cir. 2021) (internal quotation marks omitted), *petition for cert. docketed*, No. 21-6122 (U.S. Oct. 28, 2021).

addiction and recognized both his breach of trust and the need for deterrence. As previously discussed, the court declined to impose the statutory maximum sentence, which it believed justified by Grant's conduct, to enable Grant to complete a specific drug treatment program as a condition of supervised release. Viewed in its full context, nothing in the court's explanation supports an impermissible reliance on just punishment.

## IV.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*