**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4032**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

            v.

JUSTIN C. BUNTING,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Terrence W. Boyle, District Judge.  (2:16-mj-01115-BO-1)

Submitted:  May 8, 2017                                      Decided:  May 30, 2017

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Barbara D. Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin C. Bunting appeals the 12-month sentence imposed following his guilty plea to being "under the influence of alcohol/drugs to a degree that endangers self/others/property," in violation of 36 C.F.R. § 2.35(c) (2015), and possession of a controlled substance, in violation of 36 C.F.R. § 2.35(b)(2) (2015). Bunting contends that the district court violated the rule established in *Tapia v. United States*, 564 U.S. 319 (2011), by improperly basing its sentencing decision on its concern for Bunting's rehabilitative needs. We agree.

Where, as here, a defendant presents a claim for the first time on appeal, we review only for plain error. *United States v. McNeal*, 818 F.3d 141, 148 (4th Cir.), *cert. denied*, 137 S. Ct. 164 (2016). To demonstrate plain error, a defendant must show "that there was an error, the error was plain, and the error affected his substantial rights." *United States v. Mills*, 850 F.3d 693, 696 (4th Cir. 2017) (brackets and internal quotation marks omitted). Even where a defendant satisfies these requirements, we need only correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted).

"*Tapia* stands for the proposition that a court cannot *impose* or *lengthen* a sentence to ensure that a defendant can complete a training or rehabilitation program." *United States v. Alston*, 722 F.3d 603, 609 (4th Cir. 2013); *see* 18 U.S.C. § 3582(a) (2012). It does not, however, "prevent a district court from *considering* rehabilitation in the course of a sentencing proceeding." *United States v. Lemon*, 777 F.3d 170, 173 (4th Cir. 2015)

2

(brackets and internal quotation marks omitted). Ultimately, "the presence of *Tapia* error turns on whether a sentencing court's reference to rehabilitative needs is *causally related* to the length of the sentence." *Id.* at 174 (brackets and internal quotation marks omitted).

Bunting was charged after he was discovered unconscious on a beach, lying on or near needles, a vial of pills, and a scorched spoon containing a white substance. At sentencing, the district court repeatedly referenced the prospect of Bunting's early death, telling Bunting's mother, "You understand that if he gets out he's going to die. He can't take care of himself, and you apparently can't take care of him. . . . He'll be dead in a month if he goes out." In explaining its decision to sentence Bunting to a term of imprisonment, the court stated:

> Well, my considered judgment is to not prolong this, that . . . he needs to be in the BOP and not in the county jail, and he needs to be in there as soon as possible. And he needs to be in there for as long as he can be in there, and he needs to be referred to substance abuse examination and treatment while he's in the BOP. I don't think a county facility or a state run facility is going to provide him any of the acute care that he needs in order to save his life.

Defense counsel then noted that FCI Butner has "substantial treatment facilities," and the court responded, "I'm going to hopefully send [Bunting] to Butner, and hopefully the BOP will accept him, and hopefully he'll get mental health intervention and drug abuse intervention, because I think his life is in immediate danger of him dying from what he's been doing." Bunting assured the court that he wanted to help himself, and the court replied, "You can't help yourself on the outside. . . . I'm going to give you an opportunity to have 12 months of sobriety, which you haven't had since you were a young boy. It's the only thing that will save your life."

The record clearly reflects that the district court determined to imprison Bunting in order to provide him access to substance abuse treatment. This was error. *See United States v. Bennett*, 698 F.3d 194, 200 (4th Cir. 2012). Because *Tapia* was settled law at the time Bunting was sentenced, the error was plain. *See United States v. White*, 836 F.3d 437, 446-47 (4th Cir. 2016) (articulating standard for plainness).

"In the sentencing context, the third prong of the plain-error standard is satisfied if there is a non-speculative basis in the record to conclude that the district court would have imposed a lower sentence upon the defendant but for the error." *United States v. McLaurin*, 764 F.3d 372, 388 (4th Cir. 2014) (internal quotation marks omitted); *see United States v. Tidzump*, 841 F.3d 844, 847 (10th Cir. 2016) (finding *Tapia* error affected substantial rights because "compliance with *Tapia* would likely have led to a shorter sentence").

The district court imposed two consecutive six-month sentences—the maximum for the misdemeanors of which Bunting was convicted. *See* 36 C.F.R. § 1.3(a) (2015). While sentencing courts "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose," *Setser v. United States*, 566 U.S. 231, 236 (2012), terms of imprisonment imposed at the same time are to run concurrently unless otherwise ordered by the court. *See* 18 U.S.C. § 3584(a) (2012); *United States v. Deffenbaugh*, 709 F.3d 266, 275 (4th Cir. 2013). Although not explicitly stated, the district court's decision to impose the sentences consecutively apparently resulted from its intention to send Bunting to a federal prison "for as long as he can be in there." Absent any alternative rationale, we are compelled to conclude that the *Tapia* error affected Bunting's substantial rights. *Cf. Bennett*, 698 F.3d at 201 (holding

4

that *Tapia* error did not affect substantial rights where defendant's "rehabilitative needs clearly constituted only a minor fragment of the court's reasoning"). Moreover, we find that the error affected the fairness, integrity, or public reputation of the sentencing proceeding. *See Tidzump*, 841 F.3d at 847-48 (noticing *Tapia* error resulting in 40 per cent sentencing increase); *United States v. Garza*, 706 F.3d 655, 663 (5th Cir. 2013) (noticing *Tapia* error resulting in sentence nearly three times greater than Guidelines maximum); *United States v. Mendiola*, 696 F.3d 1033, 1042 (10th Cir. 2012) (noticing *Tapia* error resulting in sentence two times greater than Guidelines maximum).[*]

Accordingly, we vacate Bunting's sentence and remand for resentencing. We deny as moot Bunting's motions to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We acknowledge that the district court "probably [did] something very right" in attempting to provide Bunting with access to substance abuse treatment; the court nevertheless erred, however, in solely predicating its sentencing decision on this consideration. *Tapia*, 564 U.S. at 334.

5