**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4370**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANUEL DE JESUS DEL CID BRAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David J. Novak, District Judge. (3:22-cr-00031-DJN-1)

---

Submitted:  April 26, 2023                    Decided:  May 31, 2023

---

Before NIEMEYER and HEYTENS, Circuit Judges, and Max O. COGBURN, Jr., United States District Judge for the Western District of North Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Kaitlin G. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Manuel Del Cid Bran pleaded guilty to illegally re-entering the United States after being removed following a felony conviction. See 8 U.S.C. §§ 1326(a) & (b)(1). On appeal, Del Cid Bran challenges both the length of his prison sentence and the duration of his supervised release. Seeing no reversible error, we affirm.

The advisory Sentencing Guidelines recommended a prison sentence between 24 and 30 months. Del Cid Bran requested a sentence of 24 months, citing a need to support his family and to raise funds to pay a Guatemalan cartel that was allegedly threatening him. The government argued for a 30-month sentence based on Del Cid Bran's criminal history and pattern of recidivism, including multiple convictions for driving while intoxicated. The district court varied upward, imposing a 50-month prison sentence and a three-year term of supervised release.

This Court "review[s] a defendant's sentence under a deferential abuse-of-discretion standard." *United States v. Collins*, 982 F.3d 236, 244 (4th Cir. 2020) (quotation marks omitted). Having reviewed the record, we conclude the district court did not abuse its discretion in varying upward.

Del Cid Bran's primary argument is that the district court violated 18 U.S.C. § 3582(a) and *Tapia v. United States*, 564 U.S. 319 (2011), by "imposing or lengthening a prison term in order to promote [his] rehabilitation." *Id.* at 321. The parties disagree whether this argument was preserved for appellate review. We need not reach that question, however, because we conclude the district court did not err and that any error would have been harmless.

2

Having scrutinized the sentencing transcript, we do not believe the district court violated *Tapia*. Del Cid Bran is correct that—in responding to defense counsel's argument that there was no way to eliminate the risk of recidivism because the statutory maximum sentence was 10 years—the district court noted the possibility that Del Cid Bran might "sober[ ] up" while incarcerated. JA 86. And later—after defense counsel questioned the marginal benefits of a sentence longer than the Guidelines' recommendation—the court said "[t]he longer [Del Cid Bran] is in custody the more likely he is to sober up," and "at some point, he's going to mature and understand the inherent dangers of him drinking and driving." JA 96.

But even taken in isolation, the district court's statements are a far cry from those at issue in *Tapia* or in this Court's unpublished decision in *United States v. Bunting*, 694 Fed. Appx. 112 (4th Cir. 2017), which Del Cid Bran cites in support of his claim. In *Tapia*, the district court said: "I am going to impose a 51-month sentence, . . . and one of the factors that affects this is *the need to provide treatment. In other words, so she is in long enough to get the 500 Hour Drug Program*, number one." 564 U.S. at 322 (emphasis added). And in *Bunting*, the district court said the defendant "needs to be in the BOP and not in the county jail" because "I don't think a county facility or a state run facility is going to provide him any of the acute care that he needs in order to save his life." 694 Fed. Appx. at 114.

The district court said nothing similar here. Rather, from its first words at the sentencing hearing, the court made clear its decision to vary upward was "driven, really, by [Del Cid Bran's] recidivism, both in terms of returning to our country despite being ordered out, but even more importantly, when he does return, the DUIs, which I count four

3

prior convictions for DUIs, even though he's only 38 years of age." JA 82. Again and again, the court stressed public safety, citing "the need to protect the public from future crimes of [Del Cid Bran] and, specifically the DUIs and the likelihood that he's going to kill somebody sooner or later behind the wheel." *Id.* at 85–86; see *id.* at 90 ("The problem is, it's the same conduct over and over again, which, to me, represents a real danger to the community when he shouldn't be here."). Even in the quoted excerpts highlighted by Del Cid Bran, the district court immediately returned to its dominant theme: "this is *all* about protecting the public" and "*what's driving this* is the fear that he's going to kill somebody." JA 86, 96 (emphasis added); see *United States v. McKinnie*, 21 F.4th 283, 289 (4th Cir. 2021) (district courts may vary upward from the Guidelines if justified by Section 3553(a) factors); 18 U.S.C. § 3553(a) (factors to be considered include "the need . . . to protect the public from further crimes of the defendant").

We also conclude any possible *Tapia* error would have been harmless. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). The record shows the district court's overriding sentencing motivation was incapacitation and that it would have imposed the same sentence regardless of whether it considered the possibility that Del Cid Bran might sober up while incarcerated.

Finally, we conclude the district court did not improperly impose a punitive supervised release term. Del Cid Bran cites the district court's statement: "I am going to [impose a term of supervised release]. Because if he comes back [before the court], I'm going to give him an even harsher sentence." JA 94. True, a court "may not take account

4

of retribution . . . when imposing a term of supervised release." *Tapia*, 564 U.S. at 326 (emphasis omitted) (citing 18 U.S.C. § 3583(c)). But the district court's statement here does not suggest it imposed a term of supervised release to punish Del Cid Bran. Rather, the court's remark is best characterized as a warning about the uncontroversial reality that repeat offenders often serve longer sentences. The court said nothing else that could be read, expressly or impliedly, to show an intent to punish Del Cid Bran with a supervised release term. And given the deferential abuse of discretion standard, we conclude the district court made no reversible error in imposing that three-year term.

We have reviewed Del Cid Bran's remaining arguments and conclude none warrants upsetting the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us, and argument would not aid the decisional process. The judgment of the district court is

*AFFIRMED*.

5