**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALFONSO VALENCIA,

    Defendant - Appellant.

No. 14-2091
(D.C. No. 1:96-CR-00253-JAP-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **SEYMOUR**, and **KELLY**, Circuit Judges.

Defendant Alfonso Valencia appeals from the district court's imposition of a 24-month prison sentence following revocation of his supervised release. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we remand this case to the district court with directions to vacate Valencia's sentence and resentence him.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In October 1998, Valencia pleaded guilty in federal district court to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of carrying and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). For these crimes, Valencia was sentenced to a term of imprisonment of 211 months, to be followed by a five-year term of supervised release.

In June 2013, Valencia completed his term of imprisonment and began his term of supervised release. During the first two weeks of his term of supervised release, Valencia submitted to his probation officer two urine samples that tested positive for the presence of illegal drugs. That prompted Valencia's probation officer to file a petition for revocation of supervised release. And that petition, in turn, led to Valencia's arrest.

The district court held a revocation hearing on May 20, 2014.[1] Because Valencia admitted that he had violated the mandatory conditions of his supervised release by smoking marijuana and cocaine, the only disputed issue before the district court was the length of Valencia's revocation sentence. The district court, without dispute from either side, calculated Valencia's advisory Guidelines sentencing range as 8 to 14 months. Valencia's counsel asked the district court to

---

[1] The delay between Valencia's arrest and the revocation hearing was the result of the district court twice referring Valencia for psychological evaluations.

impose a sentence of time served, i.e., the "eleven months that [Valencia] served from his incarceration in July of 2013 to the . . . time" of the revocation hearing. ROA, Vol. III at 31. The probation officer, however, recommended that the district court sentence Valencia to a 24-month term of imprisonment. In support of this request, the probation officer asserted that "Valencia require[d] additional treatment and care" to ensure that he would, upon his release from confinement, comply successfully with the terms of supervised release. Id. The government's counsel, admittedly unfamiliar with Valencia, deferred to the probation officer's recommendation.

The district court proceeded, in summary fashion, to sentence Valencia to a 24-month term of imprisonment, to be followed by a 36-month term of supervised release.

Valencia filed a timely notice of appeal.

II

On appeal, Valencia challenges both the procedural and substantive reasonableness of the 24-month revocation sentence imposed by the district court. From a procedural standpoint, Valencia complains that the district court made no reference to 18 U.S.C. § 3553(a) and failed to state on the record any reason for imposing an above-Guidelines sentence. From a substantive standpoint, Valencia argues that the only conceivable reason for the upward variance, i.e., the probation office's recommendation that Valencia remain in prison long enough to

receive rehabilitative treatment, is legally impermissible in light of both Supreme Court and Tenth Circuit precedent. See Tapia v. United States, 131 S. Ct. 2382, 2388 (2011); United States v. Mendiola, 696 F.3d 1033, 1036-37 (10th Cir. 2012).

The government concedes these alleged errors, and both parties agree that the proper remedy in this case is for Valencia to be resentenced. But we must first satisfy ourselves that a reversible error has indeed occurred. See Kamen v. Kemper Fin. Servs., 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").

At a minimum, our review of the revocation hearing transcript quite clearly "suggests the possibility that [Valencia]'s sentence was based on h[is] rehabilitative needs." Tapia, 131 S. Ct. at 2392. As we have noted, the probation officer recommended that the district court impose a 24-month term of imprisonment and, in support, expressed her belief that "Valencia require[d] additional treatment," "care," and "services" so that, upon his release from confinement, he could "successfully" comply with the terms of supervised release. ROA, Vol. III at 31. Although the district court did not expressly adopt the probation officer's recommendation, it otherwise offered no explanation for its decision to impose an above-Guidelines sentence. Consequently, we are left to conclude that the district court effectively adopted the probation officer's

recommendation and supporting rationale. And, because it is improper for a district court to "impos[e] or lengthen[] a prison term in order to promote a criminal defendant's rehabilitation," Tapia, 131 S. Ct. at 2385, we agree with the parties that the proper course in this case is to remand this case to the district court with directions to vacate Valencia's sentence and resentence him.

This case is REMANDED to the district court with directions to VACATE Valencia's sentence and RESENTENCE him. Valencia's unopposed motion requesting immediate decision and immediate mandate for resentencing is DENIED as moot. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Chief Judge