FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

December 20, 2023

Christopher M. Wolpert
Clerk of Court

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICKY ALLEN QUENTIN TABER,

    Defendant - Appellant.

No. 23-6024
(D.C. No. 5:22-CR-00252-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

This appeal involves an 84-month prison term for possessing ammunition after conviction for a felony. *See* 18 U.S.C. § 922(g)(1). Mr. Taber argues that the sentence is substantively unreasonable.

When we review the substantive reasonableness of a sentence, we apply the abuse-of-discretion standard. *United States v. Walker*, 844 F.3d

---

[*] The parties do not request oral argument, and it would not help us decide the appeal. So we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

1253, 1255 (10th Cir. 2017). This is a highly deferential standard; we reverse only if the district court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (quoting *United States v. DeRusse*, 859 F.3d 1232, 1236 (10th Cir. 2017)).

We conclude that the district court acted within its discretion. The district court considered the presentence investigation report, the sentencing memoranda, the letters of support for Mr. Taber, the sentencing guidelines, and the sentencing factors.

Mr. Taber points to the court's decision to vary upward from the guideline range (51 to 63 months). The district court could reasonably regard this range as too low for Mr. Taber for five reasons:

1. In the incident that led to his arrest, Mr. Taber shot his girlfriend. Although this shooting may have been an accident, the court noted that the shooting could have been deadly and ultimately required the girlfriend to undergo surgery.

2. Mr. Taber shot his girlfriend after he had used methamphetamine.

3. Mr. Taber had previously shot a gun indoors to scare other people.

4. Mr. Taber frequently fled from the police, putting others in danger. Here he fled after shooting his girlfriend, going 70 miles per hour in a 25-mile-per-hour zone.

5. Mr. Taber otherwise had an extensive criminal history.

In his reply brief, Mr. Taber asserts that the district court erred by lengthening the sentence to facilitate rehabilitation for drug use. *See Tapia v. United States*, 564 U.S. 319 (2011). But this assertion involves procedural reasonableness, not substantive reasonableness. *See United States v. Thornton*, 846 F.3d 1110, 1112 (10th Cir. 2017). So Mr. Taber acknowledges that this reference to drug rehabilitation doesn't independently support reversal.

He argues instead that we should not consider the value of drug rehabilitation as a reason to uphold the sentence. For the sake of argument, we won't consider the reference to drug treatment. Putting this reference aside, we conclude that the district court did not abuse its discretion in weighing the pertinent factors as it did.

Based on this conclusion, we affirm the sentence.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3