**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAHBOU RUDOLPH DRAKES,

    Defendant - Appellant.

No. 23-3152
(D.C. No. 5:21-CR-40110-TC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **BACHARACH**, Circuit Judges.
_____

Jahbou Drakes appeals his sentence of 60 months' imprisonment, one year of

supervised release, and a $100 special assessment for possession of a firearm in a

school zone in violation of 18 U.S.C. § 922(q)(2)(A).  He challenges a number of the

district court's determinations at his sentencing.  Given the ambiguity of some of

these determinations, we remand to the district court for re-sentencing.

## I.  Background

Drakes was stopped for a traffic infraction in a school zone and arrested on an

outstanding warrant.  During a search incident to arrest, police officers found a gun in his

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waistband.  Officers also found 4 grams of marijuana, 31 grams of fentanyl, 4 grams of methamphetamine, a scale, and baggies under the front passenger seat, where another occupant was sitting.  Drakes's passenger took responsibility for the drugs, and Drakes denied that he knew about them.

Drakes pleaded guilty to possession of a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A).  As part of that plea, the parties agreed that Drakes owed a special assessment of $25 pursuant to 18 U.S.C. § 3013(a)(1), which applies to misdemeanors.  Although the crime to which Drakes pled guilty carries a statutory maximum 5-year prison sentence, it is considered a misdemeanor "for the purpose of any other law" under 18 U.S.C. § 924(a)(4).

The probation office prepared a Presentence Report "PSR" in advance of Drakes's sentencing hearing.  The PSR set Drakes's base offense level at 6 under USSG § 2K2.5, added two levels pursuant to USSG § 2K2.5(b)(1)(B) because Drakes possessed the firearm in a school zone, and subtracted two levels for Drakes's acceptance of responsibility consistent with USSG § 3E1.1(a).  The PSR listed 14 prior adult convictions spanning some 31 years, including four federal convictions: three for gun possession and one for drug possession.  The first conviction occurred in 1990, when Drakes was 18 years old, and the most recent prior conviction was committed in 2021, when Drakes was 50 years old.  Drakes's checkered past resulted in 17 criminal history points and a criminal history category of VI.  With an offense level of 6 and a criminal history category of VI, the PSR set the advisory guidelines range at 12 to 18 months' imprisonment.  The statutory maximum sentence was 5 years' imprisonment.

2

Prior to the sentencing hearing, Drakes and the government filed sentencing memoranda asking for a 48-month sentence. The purpose of this mutually agreed upward variance was to "account[] for Mr. Drake's [sic] actual criminal history" and to "balance[] the value of Mr. Drake's [sic] guilty plea against the need to achieve the applicable statutory goals." R., Vol. I at 20 (Drakes's memorandum); *see also id.* at 26 (government's memorandum). The government agreed to dismiss the indictment and not file any additional charges against Drakes arising out of the facts forming the basis for the indictment.

The district judge agreed with the Guidelines calculation in the PSR, but varied upward and imposed a 5-year sentence, the statutory maximum. The Guidelines suggested a 12-to-18 month sentence, the parties asked for an upward variance to 48 months, and the district judge varied upwards to 60 months. To support the upward variance, the district judge noted that: (1) Drakes was prohibited from possessing a firearm due to "numerous prior convictions," (2) he was in possession of fentanyl, (3) he had been "under a criminal justice sentence in some form or fashion since he was 19," but had not "successfully completed a term of supervision without a new arrest in more than 30 years," and (4) he had "limited employment history and minimal family support and ha[d] struggled with substance abuse most of his adult life." R., Vol. II, at 49. The district judge concluded that the sentence would satisfy the requirements of 18 U.S.C. § 3553, including that it would "allow Mr. Drakes the opportunity to receive correctional treatment in an effective manner and will assist him with community reintegration, consistent with 3553(a)(2)(D)." *Id.* at 50.

Defense counsel raised two objections.  First, she objected that the upward departure was insufficiently explained, and asked the district court "to make specific findings as to why the 48-month sentence isn't sufficient to achieve the sentencing goals."  *Id.* at 52.  Second, she objected to the court's apparent conclusion that Drakes was in possession of fentanyl, noting that the PSR did not support this conclusion.  *Id.*

In response to the first objection, the district court declined to provide any additional explanation but instead stood "on what [the court] previously said."  *Id.*  In response to the second objection, the district court stated that the defense counsel's representation was "consistent with what my understanding is.  But okay."  *Id.*  The court then formally imposed the 60-month sentence, a 1-year term of supervised release, and a $100—not $25—special assessment.

In a written statement of reasons filed after the sentencing hearing, the district court left blank the section of the form where it was supposed to "[s]tate the basis for [the] variance."  R., Vol. III, at 34.  Above this section, the district court checked seven boxes as reasons for the variance, including: (1) the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), specifically dismissed/uncharged conduct; (2) the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A); (4) the need to deter, 18 U.S.C. § 3553(a)(2)(B); (5) the need to protect the public from further crimes, 18 U.S.C. § 3553(a)(2)(C); (6) the need to provide the defendant with other correctional treatment

in the most effective manner, 18 U.S.C. § 3553(a)(2)(D); and (7) acceptance of responsibility. *Id.*

## II. Analysis

Drakes appeals his sentence. He argues that the district court erred in imposing the upward variance since it improperly accounted for his correctional treatment and because the court inadequately explained the variance. He also argues that the district court erred in imposing a $100 assessment, rather than a $25 assessment. The government agrees with this position, and we reverse the district court's imposition of the $100 assessment.

### A. *The district court's consideration of Drakes's correctional treatment*

Because Drakes did not raise this issue below, we review for plain error. *United States v. Thornton*, 846 F.3d 1110, 1114 (10th Cir. 2017). Under plain-error review, Drakes "must show: (1) the district court erred, (2) the error was plain, (3) the error prejudiced his substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The Sentencing Reform Act empowers federal judges to impose three punishments: imprisonment, probation, or a fine. It specifies the factors that judges must consider when setting the appropriate sentence, a list that includes the "nature and circumstances of the offense," "the history and characteristics of the defendant," and other factors. 18 U.S.C. § 3553(a). Among these factors is "the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical

care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). The district court considered this factor when imposing Drakes's sentence. R., Vol. II, at 50.

In addition to these considerations, "[t]he court . . . in determining the length of the [prison] term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is *not* an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a) (emphasis added).

The Supreme Court resolved this apparent contradiction—correction and rehabilitation are both required and prohibited—by explaining that the Sentencing Reform Act "provides additional guidance about how the considerations listed in § 3553(a)(2) pertain to each of the Act's main sentencing options—imprisonment, supervised release, probation, and fines." *Tapia v. United States*, 564 U.S. 319, 325–326 (2011). The clarifying provisions "make clear that a particular purpose may apply differently, or even not at all, depending on the kind of sentence under consideration. For example, a court may *not* take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release." *Id.* at 326. In a similar vein, the Supreme Court interprets § 3582(a) as directing courts to "consider the specified rationales of punishment *except for* rehabilitation" when determining a prison sentence. *Id.* at 327. In other words, "a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." *Id.* at 335.

6

The district court never stated that it lengthened Drakes's prison sentence due to rehabilitation. Rather, it stated that "[t]he supervised release term, in addition to imprisonment, will allow Mr. Drakes the opportunity to receive correctional treatment in an effective manner and will assist him with community reintegration, consistent with 3553(a)(2)(D)." R., Vol. II, at 50. The Sentencing Reform Act does not prohibit courts from considering rehabilitation when imposing a sentence of supervised release. It only prohibits them from considering rehabilitation when imposing a prison sentence. Here, the court stated that the combined effects of supervised release and imprisonment would lead to rehabilitation. One could interpret the statement to mean that the district court extended Drakes's prison term to achieve those effects. But a more natural reading of the sentence is that the court extended Drakes's supervised release term to achieve those effects. After all, the court made this observation in justifying the supervised release term, not the prison sentence. "[W]e are not looking for stray remarks and technical errors to set aside sentencing decisions that were certainly *Tapia* compliant." *United States v. Naramor*, 726 F.3d 1160, 1171 (10th Cir. 2013).

Drakes has not shown that the district court committed plain error. A district court's error is plain where "the Supreme Court or this court has addressed the issue or where the district court's interpretation was clearly erroneous." *United States v. Cordery*, 656 F.3d 1103, 1106 (10th Cir. 2011) (internal quotation marks and brackets omitted). Neither the Supreme Court nor this court have ever addressed whether a district court violates 18 U.S.C. § 3582(a) when it justifies a term of supervised release based on the combined effects of incarceration and supervised release on rehabilitation. Unlike in

7

other cases we have reviewed, the district court did not expressly tie the imposition of the prison sentence to rehabilitation. *See Thornton*, 846 F.3d at 1113 (noting that the district court imposed a prison sentence in part to ensure that the defendant had enough time in prison to get treatment and vocational benefits); *United States v. Mendiola*, 696 F.3d 1033, 1042 (10th Cir. 2012) (noting that the district court imposed an upward variance on the guideline range for the express purpose of giving the defendant time to participate in a drug and alcohol rehabilitation program); *and Cordery*, 656 F.3d at 1105 (noting that the district court justified a prison sentence based in part on the defendant's ability to complete drug and mental health rehabilitation programs).

Drakes's view that the district court extended his sentence to account for rehabilitation requires a novel reading of § 3582 and our precedents, so it fails under plain error review.

### B.  The district court's justification for the variance

District courts that impose an above-guidelines sentence are required to explain their reasoning.  18 U.S.C. § 3553(c)(2); 28 U.S.C. § 994(w)(1)(B).  The sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). We have held that to satisfy § 3553(c)(2)'s "verbalization requirement …, a district court must describe the salient facts of the individual case, including particular features of the defendant or of his crime, and must explain for the record how these

facts relate to the § 3553(a) factors." *United States v. Clark*, 981 F.3d 1154, 1168 (10th Cir. 2020) (quotation omitted). "[A] 'specific' statement pursuant to § 3553(c)(2) must be particularized rather than general and must address the facts of the individual case." *United States v. Mendoza*, 543 F.3d 1186, 1194 (10th Cir. 2008). "[A] mere allusion to the statutory factors, without an accompanying discussion of their application to the facts at hand, lacks the specificity to satisfy this duty." *Id.* at 1193.

The district court explained its rationale for imposing an above-guidelines sentence twice, first orally at the hearing and then in a written statement of reasons. The written statement of reasons provides little insight into the court's decision. The form contained a checklist of reasons for the variation. The judge checked off multiple boxes, including the box for "acceptance of responsibility," which is a mitigating factor in a sentence and therefore does not justify an upward variance. The checklist does not convey the "salient facts of the individual case," *Clark*, 981 F.3d at 1168, and the court left blank the section of the form asking it to "state the basis for a variance." R., Vol. III, at 34.

Nonetheless, a "sentencing court's failure to submit a statement of reasons form will not cause us to vacate the sentence if, given our review of the district court's oral explanation, we believe that the district court would have imposed the same sentence had it filed a written statement of reasons form." *United States v. Ortiz-Lazaro*, 884 F.3d 1259, 1264 (10th Cir. 2018). The same logic applies to a district court's submission of a written statement of reasons with an entry left blank.

In this case, however, the district court's oral explanation for the sentence is insufficiently clear to permit us to review the court's reasoning.  First, it is unclear from the hearing transcript whether the court intended to impose the upward variance due to Drakes's alleged fentanyl possession.  The court initially cited the fentanyl possession as an explanation, but later backtracked, perhaps agreeing with defense counsel, then, finally, stating that it stood "on what [the court] previously said."  R, Vol. II, at 49, 52.  The court also mentioned Drakes's family situation and work history as factors for justifying a variance, but the transcript does not make it clear whether the court relied on these factors in making the upward variance.  *Id.* at 49.  The court also mentioned Drakes's failure to "successfully complete[] a term of supervision without a new arrest in more than 30 years."  *Id.*  While the court was allowed to impose an upward variance due to Drakes's criminal history, *see* 18 U.S.C. § 3553(a)(1), the court's oral explanation does not provide a clear enough picture of the judge's decisionmaking to affirm the sentence.

We therefore remand for resentencing.

### C.  The special assessment

Since Drakes did not object to the imposition of a $100 special assessment at sentencing, we review for plain error.  *Thornton*, 846 F.3d at 1114.  The parties agree that the district court committed plain error by imposing a special assessment of $100 instead of $25.  Drakes pled guilty to an offense under 18 U.S.C. § 922(q).  While this offense has a maximum term of imprisonment of 5 years, it is treated as a misdemeanor

10

for all other purposes.  18 U.S.C. § 924(a)(4).  The special assessment for

misdemeanors is capped at $25 under 18 U.S.C. § 3013(a)(1).

## III.  Conclusion

We vacate the sentence and remand for resentencing.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge