**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DENNETT JEROME CHEE,

    Defendant - Appellant.

No. 24-2053
(D.C. No. 2:23-CR-00034-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***

_____

Before **MATHESON**, **BACHARACH**, and **CARSON**, Circuit Judges.

_____

Dennett Jerome Chee pled guilty to one count of assault in Indian Country

resulting in serious bodily injury. *See* 18 U.S.C. §§ 113(a)(6) & 1153(a). The

district court sentenced him to 108 months in prison, a significant upward variance

from the United States Sentencing Guidelines ("Guidelines") advisory range of 30 to

37 months. Mr. Chee now appeals that sentence, arguing it was both procedurally

---

\* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

and substantively unreasonable.  Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

Mr. Chee is a member of the Mescalero Apache tribe.  In May 2022, he and a friend severely beat an adult male on the Mescalero Apache Reservation.  The victim incurred orbital wall fractures in both eye sockets, sinus hemorrhaging, and other injuries.  He spent six days in the hospital, much of it in severe pain.

A grand jury indicted Mr. Chee for one count of assault resulting in serious bodily injury.  He pled guilty to that charge without a plea agreement.  A probation officer prepared a presentence investigation report ("PSR").  Regarding criminal history, the PSR listed six state-court convictions (three for driving with a suspended license, two for disorderly conduct, and one for driving under the influence) and one federal conviction for assault with a dangerous weapon (he received a 27-month prison sentence and his supervised release was twice revoked).  He committed these offenses between the ages 19 and 35.  Mr. Chee was 37 when the PSR was prepared.

The PSR also itemized 19 tribal court convictions that Mr. Chee committed between ages 18 and 35 and 17 arrests between ages 26 and 35.  The tribal-court convictions included assault and battery, driving under the influence, resisting arrest, fleeing law enforcement, battery of a law enforcement officer, reckless driving, and criminal damage to property.  The PSR noted that none of the tribal convictions counted for Mr. Chee's criminal history score.  *See* U.S.S.G. § 4A1.2(i) ("Sentences resulting from tribal court convictions are not counted . . . .").  The PSR suggested an

2

upward departure because Mr. Chee's criminal history score underrepresented his actual criminal history. The PSR stated that including the tribal convictions in the criminal history score would have led to a Guidelines range of 63 to 78 months. The Government, in its presentencing filings, asked for a variance to 78 months to account for Mr. Chee's full criminal history.[1]

At the sentencing hearing, the district court announced it was considering an upward variance. It denied Mr. Chee's objections to the PSR's Guidelines calculations and calculated a sentencing range of 15 to 21 months. The parties agree, however, that the court failed to account for an undisputed sentencing enhancement, so the correct range was 30 to 37 months. *See* Aplt. Opening Br. at 7; Aplee. Resp. Br. at 23 n.5. The court heard arguments on the appropriate sentence and made clear it would consider Mr. Chee's full criminal history, including tribal-court matters, as part of his history and characteristics under 18 U.S.C. § 3553(a)(1).

The district court's discussion with the parties included references to drug and alcohol treatment. For example, the Government stated that "a longer sentence would be appropriate so that the defendant can get treatment that he needs." R. vol. III at 20. Mr. Chee, during his allocution, agreed he needed treatment, prompting the court to ask, "You've been to federal prison before. You've been on federal

---

[1] A departure is a sentence outside the Guidelines-specified range, arrived at through a process set forth in the Guidelines themselves; whereas a variance is a sentence outside the Guidelines range based on the district court's discretion when considering the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Adams*, 751 F.3d 1175, 1181–82 (10th Cir. 2014).

supervision for violence. Why didn't you get treatment then?" *Id.* at 26–27. Mr. Chee's answer was nonresponsive, prompting the court to ask the same question two more times. Mr. Chee finally responded, "[T]here was just a lot of things that were happening at that time." *Id.* at 28. The court then twice asked why Mr. Chee did not seek help after his release from prison. *Id.* at 28–29. Mr. Chee answered, "[T]hat's a question that I know I find hard to answer here." *Id.* at 29.

Following Mr. Chee's allocution, the district court announced it would impose a 108-month sentence. It gave a detailed explanation of the information and factors it was considering. *See id.* at 32–39. It restated Mr. Chee's arguments for leniency and other relevant information he offered to the court. The court noted it was considering Mr. Chee's "severe substance abuse issues," *id.* at 32, and that he was "requesting treatment," *id.* at 33.

The district court next addressed the § 3553(a) sentencing factors, focusing almost entirely on the assault's severity and Mr. Chee's criminal history. As to the latter, the court summarized of each of Mr. Chee's convictions. The court also addressed § 3553(a)(2)(D), which requires consideration of "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." It said those matters were "best given to the defendant in the Bureau of Prisons, but that—the Court will also impose treatment while on supervised release." R. vol. III at 37.

4

Finally, the district court concluded, "I am varying based on the 3553(a) factors, and I am considering the criminal history, how lengthy it is, and that it's violent, and the evidence of abuse of alcohol." *Id.* at 38.

The district court's written judgment recommended that Mr. Chee "participate in the Bureau of Prisons 500 hour drug and alcohol treatment program." R. vol. I at 234. Also, in the judgment's statement of reasons, the court gave a two-paragraph summary of the explanation given in open court, including the following sentence: "The Court considered the defendant would benefit from treatment in the [Bureau of Prisons] and while on a [term of supervised release]." Suppl. R. at 5.

Mr. Chee timely appealed.

## II. **DISCUSSION**

### A. *Procedural Reasonableness*

Mr. Chee argues the district court violated *Tapia v. United States*, 564 U.S. 319 (2011). *Tapia* addressed the tension between (1) § 3553(a)(2)(D), which directs the district court to consider "needed educational or vocational training, medical care, or other correctional treatment" when formulating its sentence, and (2) § 3582(a), which requires the district court to consider the § 3553(a) factors while at the same time "recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." *Tapia* held that "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs," 564 U.S. at 334, but "a court may not impose or

5

lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation," *id.* at 335.

In Mr. Chee's view, the district court lengthened his sentence so he could complete the drug and alcohol treatment program—the error at issue in *Tapia*. *See id.* at 334. Mr. Chee concedes he did not raise this argument in the district court, and therefore we review for plain error. *See United States v. Thornton*, 846 F.3d 1110, 1114 (10th Cir. 2017). This means Mr. Chee must show: "(1) the district court erred, (2) the error was plain, (3) the error prejudiced his substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

In their briefs, both sides present credible arguments on whether the district court's statements at the sentencing hearing and in post-sentencing documents demonstrate a plain *Tapia* error. Although a close question seldom leads to plain error, *see United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir. 1993), we resolve this appeal at the third prong of the plain-error standard—whether "the error prejudiced [Mr. Chee's] substantial rights," *Thornton*, 846 F.3d at 1114. Under this prong, Mr. Chee must demonstrate "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different," meaning "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 82, 83 (2004) (quotations omitted).

6

Even if the district court committed plain *Tapia* error, Mr. Chee does not show a sufficient probability that he would have received a lower sentence absent the error. At the sentencing hearing, the district court focused on the need for incapacitation in light of (a) the assault's violence and (b) Mr. Chee's extensive criminal history. *See United States v. Ruiz*, 125 F.4th 1342, 1349–51 (10th Cir. 2025) (assuming plain error, but finding no reasonable probability of a different outcome because, among other things, "from the outset of the sentencing hearing, the district court was seriously troubled by [the defendant's] significant criminal history"). The court's statements about drug and alcohol treatment pale in comparison to its concern that Mr. Chee needs a lengthy sentence to protect the public from further crimes. We therefore affirm the procedural reasonableness of the district court's sentence.

## B. *Substantive Reasonableness*

Mr. Chee also argues his sentence was substantively unreasonable. Substantive reasonableness concerns how the district court weighed "the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." *United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (quotations omitted). "[N]o algorithm exists that instructs the district judge how to combine the factors or what weight to put on each one." *Id.* at 916. Thus, when faced with a substantive reasonableness challenge, "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Mr. Chee's substantive reasonable arguments fail to show an abuse of discretion.

7

First, Mr. Chee argues the district court misinterpreted his criminal history, contending his history is not significantly violent. It instead shows, he says, mostly "conduct [that] was alcohol or drug related," Aplt. Opening Br. at 18, which should be seen as mitigating. We are not persuaded. Mr. Chee's criminal history reveals numerous convictions for violent acts (*e.g.*, assault, resisting arrest) and dangerous acts (*e.g.*, driving while intoxicated, fleeing police). It also reveals numerous arrests for similar crimes. Moreover, district courts may appropriately consider the need to protect the public even from nonviolent drug offenses. *See United States v. Lente*, 759 F.3d 1149, 1168 (10th Cir. 2014).

Second, Mr. Chee argues the assault in this case was not unusually violent compared to other aggravated assaults. He offers no support. The district court reasonably viewed the assault that put the victim in the hospital for six days with serious injuries as severe enough for an upward variance.

Third, Mr. Chee says the district court did not adequately consider the Guidelines recommendation. *See* § 3553(a)(4)(A) (requiring the district court to consider the Guidelines sentencing range). He points out that 108 months is almost three times the top of the 37-month Guidelines range. This argument is a variation of his contention that his criminal history does not warrant a large upward variance. The district court adequately explained why it thought otherwise.

Fourth, Mr. Chee asserts that the district court must also consider "pertinent" Sentencing Commission policy statements. *See* § 3553(a)(5). He points to U.S.S.G. § 5K2.0(d)(1), which states that a district court "may not depart from the applicable

guideline range based on," among other things, "drug or alcohol dependence or abuse" (capitalization normalized). But Mr. Chee cites no authority that a restriction on *departure* limits a *variance*. He merely asserts there is "tension" between the district court's reasoning and this policy statement. Aplt. Opening Br. at 20. Relatedly, Mr. Chee says policy statements governing upward departures based on underrepresentation of the criminal history, *see* U.S.S.G. § 4A1.3(a), are "a useful comparison," Aplt. Opening Br. at 21, arguing that factors under the upward departure standards would have yielded, at most, a recommended range of 70 to 87 months. But again, Mr. Chee fails to convince us that these departure guidelines are pertinent to weighing a variance.

Fifth, Mr. Chee argues his sentence creates an unreasonable disparity. *See* § 3553(a)(6) (requiring the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Drawing on Sentencing Commission statistics, he says 108 months is three times the median sentence for assault in the Tenth Circuit and more than double the average. In addition, among those sentenced for assault in the Tenth Circuit in 2023, 80 percent of defendants with the maximum criminal history score—which is higher than Mr. Chee's hypothetical criminal history score even if his tribal convictions had counted—received sentences of less than 10 years. The district court stated, however, "I don't believe there is a sentencing disparity, but if there is a sentencing disparity, I find that it is, in fact, warranted by the specific facts of this case." R. vol. III at 38. This statement came at the end of the district court's

9

lengthy explanation for the 108-month sentence. It therefore explained the claimed disparity and adequately addressed the charge to avoid "unwarranted . . . disparities," § 3553(a)(6).

Sixth, Mr. Chee claims his sentence is not "just," § 3553(a)(2)(A), does not "promote respect for the law," *id.*, and does not promote "deterrence to criminal conduct," § 3553(a)(2)(B). In his view, "[a] Guidelines sentence would achieve these purposes no less than the sentence the court imposed." Aplt. Opening Br. at 23. But these general statements are conclusory and carry weight only if his specific objections to the length of the sentence are persuasive. We must defer to the district court's discretion unless it "exceeded the bounds of permissible choice," *Barnes*, 890 F.3d at 915 (quotations omitted). Considering Mr. Chee's arguments individually or collectively, the district court's 108-month sentence does not fall outside these bounds.

## III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge